United States District Court
Southern District of Texas
**ENTERED**
July 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KHAHN PHAN § | |
| *Petitioner* § | |
| vs. § | |
| § | Civil Action No. 4:17-CV-01648 |
| LORIE DAVIS § | |
| Director of the Texas Department of § | |
| Criminal Justice - Correctional Institutions § | |
| Division, § | |
| *Respondent* § | |
| § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Khahn Phan filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. The matter was referred to this Magistrate Judge for report and recommendation by District Judge Lynn Hughes. Dkt. 6. Respondent Lorie Davis filed a motion for summary judgment. Dkt. 16. After reviewing the record, the Court recommends that Respondent's motion be granted and the petition for writ of habeas corpus be dismissed.

## BACKGROUND

Petitioner Khahn Phan challenges his murder conviction. Phan entered a plea of not guilty at trial, but on February 28, 2013, a jury found him guilty of murder sentencing him to 28 years imprisonment. Dkt. 18 at 12. On direct appeal, the Fourteenth Court of Appeals overruled Phan's arguments and affirmed the trial court's judgment on October 14, 2014. Dkt. 17 at 7. Phan subsequently petitioned the Texas Court of Criminal Appeals ("TCCA") for discretionary review, which the TCCA denied on April 15, 2015. Dkt. 17 at 19.

Following the denial of discretionary review, Phan challenged his conviction in a state application for writ of habeas corpus. Dkt. 19 at 5. On April 12, 2017, the petition was denied based on the trial court's findings without a hearing and without written order. *Id.* On May 31, 2017, Phan then filed his federal petition for habeas relief. Dkt. 1-2. Phan makes the same arguments in the federal habeas petition that he made in his state habeas petition.

## **STANDARD OF REVIEW**

Federal habeas courts hear petitions in order to ensure that individuals are not imprisoned in violation of the Constitution. *See e.g.*, *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas relief is precluded unless Phan can show the adjudication of his claims in state court:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1), (2).

Federal habeas courts do not sit to correct errors of fact; the state court's factual determinations are presumed correct, and habeas petitioners bear the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C § 2254(e)(1). Section 2254 sets forth a "highly deferential standard for evaluating state court rulings, which demands the state court decision be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Federal relief is warranted if the state court's ultimate decision was incorrect and objectively unreasonable. *See id.* at 27; *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("[W]e review only the state court's decision, not its reasoning or written opinion[.]").

# ARGUMENT

Phan asserts eight separate claims for relief in his petition that have been grouped into five distinct categories for discussion purposes: (1) ineffective assistance of counsel; (2) *Brady* violation; (3) involuntary confession; (4) unnecessary delay in appearance before a Magistrate; and (5)

## 1.  Ineffective Assistance of Counsel

Phan asserts four instances of ineffective assistance of counsel: (A) failure of trial counsel to investigate and interview witnesses, (B) failure of trial counsel to communicate and keep Phan informed, (C) failure of trial or appellate counsel to file a motion for new trial, and (D) failure of trial or appellate counsel to challenge the sufficiency of the evidence. Dkt. 2.

The Supreme Court has set forth a two-part test for analyzing ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under *Strickland*, the defendant must show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Performance is deficient when "counsel's representation [falls] below an objective standard of reasonableness." Performance is objectively unreasonable when counsel commits errors "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable" and guaranteed by the Sixth Amendment. To show prejudice, a petitioner needs to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### A. Trial Counsel Failed to Investigate and Interview Witnesses

Phan contends that trial counsel failed to secure witness statements and information from two witnesses who would presumably testify to his innocence. Dkt. 2 at 1.

In the state habeas proceeding, the TCCA considered this contention when it adopted the findings of the trial court, which are based on the affidavit of trial counsel. Dkt. 16 at 1. The court held that "trial counsel or her investigator spoke with every witness listed by the state in the primary case" and that "trial counsel, her investigator and her law partner also went to the crime scene and spoke with witnesses not named by the State in the primary case." Furthermore, the court held that Phan "fails to show what a more thorough, in-depth investigation would have revealed." Phan did not show that counsel failed to investigate or interview witnesses. Although he specifically requested that she secure a statement from his girlfriend, trial counsel felt it was not in his strategic best interest to present such a statement at trial. *Id*.

There is a presumption that counsel's strategic decisions do not amount to ineffective assistance of counsel: "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). The state habeas court concluded that trial counsel made a reasonable, informed tactical decision. Dkt. 16 at 1. Given the deference owed to that finding, and coupled with *Strickland's* high bar, Phan has not shown that trial counsel's decision was unreasonable.

## B.  Failure to Communicate and Keep Phan Informed

Phan complains that his counsel only talked with him three time before trial for less than five minutes each time. Dkt. 2 at 4. He also claims that counsel did not prepare him for trial because she did not discuss strategy with him, but simply informed him that they would not win.

However, the state habeas court found that "trial counsel was able to communicate with the applicant sufficiently to prepare his defense in the primary case, and trial counsel's law partner speaks fluent Vietnamese allowing communication with both the applicant and the

4

applicant's family members." Dkt 16 at 1. Furthermore, trial counsel and her law partner met with Phan in jail to discuss the primary case, and they even had Dr. Jerome Brown interview Phan as part of her investigation into whether he gave a false confession. Phan has not shown a failure to communicate or that the state's adjudication of this issue involved an unreasonable application of clearly established federal law.

### C. Failure to File a Motion for New Trial

Phan complains that neither his trial counsel nor his appellate counsel filed a motion for a new trial. Dkt. 2 at 5.

Defendant has a Sixth Amendment right to the assistance of counsel on a motion for new trial during the post-trial, pre-appeal period, which is a critical stage of proceedings. U.S. CONST. AMEND. VI.; *see McAfee v. Thaler*, 630 F.3d 383, 383 (5th Cir. 2011). There is a rebuttable presumption that counsel considered and rejected the possibility of filing a motion for new trial when one is not filed inside the 30-day deadline. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); *Smith v. State*, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000). The defendant must overcome this presumption to establish denial of the right to counsel. *See Kane v. State*, 80 S.W.3d 693, 695 (Tex. App.—Fort Worth 2002, pet ref'd). To show harm, the defendant must present at least one "facially plausible" claim that could have been argued in a motion for new trial. *Griffith v. State*, 507 S.W.3d 720, 722 (Tex. Crim. App. 2016). Harm results if the error deprives the defendant of a substantive or procedural right he was entitled to. A violation of the right to counsel is reviewed under a harmless-error standard. *Hanson v. State*, 11 S.W.3d 285, 289 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

Phan states that his counsel was ineffective because a motion for new trial was never filed and appellate counsel did not try to contact trial counsel about the grounds for such a

motion. Dkt. 16 at 1. Phan has not presented a claim counsel may have argued in a motion, which would have entitled him to a new trial. The state habeas court ruled that Phan failed to demonstrate appellate or trial counsel's performance was deficient or actions objectively unreasonable. Dkt. 16 at 1. Even if there had been deficient performance, Phan has failed to show prejudice. Mere error by counsel does not warrant setting aside the judgment of a criminal proceeding for violation of the Sixth Amendment if the error had no effect on the judgment. *McAfee v. Thaler*, 630 F.3d 383, 383 (5th Cir. 2011). Accordingly, Phan is not entitled to relief on this ground.

### D. Neither trial nor appellate counsel challenged the sufficiency of the evidence.

In Phan's final claim of ineffective assistance, he alleges that trial and appellate counsel failed to challenge the sufficiency of the evidence at trial or on appeal. Dkt. 2 at 7. He claims that this failure was not a strategy decision and a different outcome would have occurred had the argument been made. However, Phan must overcome the presumption of correctness afforded to the TCCA and trial court findings. The TCCA denied Phan's claims in the state habeas proceeding and held:

> 19. The Court finds trial counsel argued that there was insufficient evidence to convict [Phan] in her jury argument.
> 20. The Court finds that [Phan] was identified as the shooter by witness Vincent Luong, through a photo array [during] the investigation and again in court during trial.
> 21. The Court finds that [Phan] admitted to shooting the complainant in a recorded interview with the police.
> 22. The Court finds witness Jesse Ceballos testified that [Phan] admitted to shooting the complainant during a conversation at the Houston Jail.

Dkt. 16 at 1.

Phan has failed to show that these findings were unreasonable or contrary to federal law. Moreover, Phan fails to demonstrate that the TCCA's denial was contrary to or involved the

unreasonable application of federal law, or that the state court's decision was based upon an unreasonable determination in light of the facts before the court. Therefore, Phan is not entitled to relief on grounds of ineffective assistance of counsel.

1. ***Brady* Violation**

Phan's next contends that he should have been found actually innocent due to a *Brady* violation because "there is favorable evidence that was not presented during trial that would have showed [Phan] was actually innocent." Dkt. 2 at 6. Specifically, he asserts that "the state interviewed many people during the time of the shooting but failed to use their statements or testimony due to their statements not pointing to [Phan]." *Id.*

The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). To establish a *Brady* violation, Phan must prove that (1) the evidence was favorable to him because it was exculpatory or had impeachment value, (2) the evidence was withheld or suppressed by the prosecutor, either willfully or inadvertently, and (3) the evidence was material. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). To be material, the defendant "must be prejudiced by the state's failure to disclose the favorable evidence." *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006) (citing *Banks v. Dretke*, 540 U.S. 668, 691(2004)).

Phan's contentions fail to satisfy this standard. He merely alleges that there was favorable evidence because the State interviewed many people. At no point -- at trial, on appeal, or in his habeas petition – does Phan ever name any witness or cite any specific testimony favorable to him that he was actually suppressed. Phan's speculative conjecture is not sufficient to demonstrate that the State had exculpatory or impeachment evidence under *Brady* because

"[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002) (quoting *United States v. Argus*, 427 U.S. 97, 109-10 (1976)). Moreover, Phan cannot meet the remaining two requirements without a showing that there was evidence that was actually withheld. Because there is no specified evidence to consider, Phan's *Brady* claim is meritless.

**2.     Involuntary Confession**

Phan claims that Detective Harris "coerced and persuaded [him] under duress to make up a story" that would incriminate him as the shooter. Dkt. 2 at 8. In particular, Detective Harris detained Phan for thirty hours, interrogated him, lied to him, and made false promises. However, the state habeas court heard this argument and concluded his confession was voluntary.

Phan unsuccessfully challenged the voluntariness of his confession at trial with a motion to suppress as well as a motion to reconsider. Phan also raised these claims in his direct appeal and in his state application for habeas corpus. The TCCA rejected these claims based on the trial court's findings that:

> 23.   The Court finds that based on the credible affidavit of [trial counsel], trial counsel did extensive legal research and motion preparation related to the suppression of [Phan's] statements in the primary case.
> 24.   The Court finds that the trial court addressed whether [Phan's] statement to the police was admissible in a suppression hearing in the primary case.
> 25.   The Court finds [Phan] challenged the voluntariness of his confession and the delay in his appearance on direct appeal.
> 26.   The Court finds that the Court of Appels held that the trial court did not abuse its discretion in admitting [Phan's] confession.

Dkt. 16 at 1.

8

Phan has not provided the court with any evidence to overcome the presumption of correctness afforded these state court rulings by 28 U. S. C. §2254(e)(1). Accordingly, Phan is not entitled to relief on this claim.

### 3. Unnecessary Delay in Appearance before a Magistrate

Phan contends that Detective Harris intentionally delayed taking Phan before a magistrate in violation of Articles 15.16 & 15.17 of the Texas Code of Criminal Procedure. He further asserts the delay was a deliberate effort to extract a confession from him, thereby violating his right to due process.

Under the Texas Criminal Code, "the officer or person executing a warrant of arrest shall without unnecessary delay take the person or have him taken before the magistrate" TEX. CODE CRIM. PROC. § 15.16. Specifically, "the person making the arrest or the person having custody of the person arrested shall without unnecessary delay, **but not later than 48 hours** after the person is arrested, take the person arrested or have him taken before some magistrate." TEX. CODE CRIM. PROC. § 15.17 (emphasis added). Articles 15.16 and 15.17 of the Code of Criminal Procedure require that an officer making an arrest must bring the arrestee before a magistrate without unnecessary delay. *Cantu v. State*, 842 S.W.2d 667, 680 n. 9 (Tex. Crim. App. 1992); *Garcia v. State*, 191 S.W.3d 870, 875 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

However, untimely presentment to a magistrate does not invalidate any confession the arrestee makes, absent a causal connection between the delay and the confession. *Jenkins v. State*, 912 S.W.2d 793, 807 (Tex. Crim. App. 1993) (holding that sixteen hours was not an unnecessary delay in taking an arrestee before a magistrate without analysis of conditions or circumstances). The Court of Criminal Appeals has also held that "an unreasonable delay in presenting an arrestee before a magistrate will not vitiate an otherwise voluntary confession if

the arrestee was properly advised of his *Miranda* rights." *Cantu*, 842 S.W.2d at 680; *see Delao v. State*, 235 S.W.3d 235, 239 (Tex. Crim. App. 2007).

Detective Harris read Phan his rights and made sure that Phan voluntarily waived those rights. Dkt. 18 at 8. Phan told Harris that he understood each right and waived them. Harris did not threaten Phan into giving a statement, and nor did he promise Phan anything in return for his statement, although Phan tried to bargain for leniency. The state habeas court held that Phan voluntarily gave his second statement since he asked to speak to Detective Harris, thereby initiating his second custodial interrogation. The record is devoid of any evidence that failure to take Phan before a magistrate caused him to confess. There was no unreasonable delay in presentment, and even if there had been, Phan's confession was properly admitted since it was given voluntarily. *See Jenkins*, 912 S.W.2d at 807-08; *Shadrick v. State*, 491 S.W.2d 681, 684 (Tex. Crim. App. 1973).

### 4. Denied the Right to Testify on Own Behalf

In Phan's final claim for relief, he contends that he was denied the right to testify on his own behalf in support of an oral motion to reconsider the denial of a suppression motion. Dkt. 2 at 10-11. This claim has no merit.

At trial, Phan had the opportunity to be heard in the initial suppression hearing. Phan's trial attorney was permitted to read into the record Phan's proffer of testimony in support of his oral motion to reconsider. The trial court thus had the opportunity consider Phan's proffered testimony. Phan is not entitled to relief on this claim.

## CONCLUSION

For these reasons, this Court recommends that Davis's motion be granted and that Phan's petition be denied with prejudice. All remaining motions should be terminated as moot. Phan has not met his threshold burden of demonstrating that the state habeas court's denial of these claims constituted an unreasonable application of federal law or an unreasonable determination of the facts in light of the evidence. Similarly, Phan has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not be issued.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72.

Signed at Houston, Texas, on July 23, 2018.

Stephen Wm Smith
United States Magistrate Judge